UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BERKLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK,<br><br>　　　　Defendant. | Case No. 15-cv-00749-JSC<br><br>**GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 16 |

　　　　Plaintiffs Tim, Maria, and Theresa Berkley bring this action challenging the activities of Defendant Wells Fargo ("Defendant") in relation to a residential mortgage loan.[1]  Now pending before the Court is Defendant's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"), which brings four causes of action:  (1) breach of the covenant of good faith and fair dealing; (2) breach of contract; (3) violation of the Federal Rule of Bankruptcy Procedure 3200.1(b); and (4) violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200.  (Dkt. Nos. 15, 16.)  The Court heard oral argument on the motion on June 18, 2015.  For the reasons stated on the record in open court at that hearing, the Court GRANTS Defendant's motion to dismiss as set forth below.

　　　　The Court dismisses Tim and Maria from this action without prejudice.  Plaintiffs shall have leave to file a Second Amended Complaint ("SAC") to allege facts that plausibly establish that Tim and Maria are proper parties to each cause of action which they bring as plaintiffs.  To this end, the SAC must specify which causes of action, if any, these plaintiffs bring.

　　　　With respect to Theresa, the Court orders as follows.  First, the Court dismisses the first

---

[1] Because Plaintiffs share the same surname, this Order refers to them by their first names.

1  and second causes of action.  In light of judicially noticeable documents, Plaintiffs fail to plausibly
2  allege that Theresa was not in breach of the contract during and after the course of the
3  bankruptcy—such a breach would prevent her from bringing a breach of contract claim.  *See*
4  *Labra v. Cal-Western Reconveyance Corp.*, No. C 09-2537 PJH, 2010 WL 889537, at *9 (N.D.
5  Cal. Mar. 11, 2010).  In particular, in Exhibit L to Defendant's Request for Judicial Notice,
6  Theresa's bankruptcy counsel appears to acknowledge that Theresa is in arrears by at least
7  $100,000 post bankruptcy petition.  Nothing in the FAC explains why, in light of this admission,
8  she in fact was not in breach of the contract.  The FAC similarly alleges that during her
9  bankruptcy Defendant did not give her any notice that her mortgage payment had increased.
10  Again, judicially noticeable pleadings from Theresa's bankruptcy show that Defendant in fact
11  asserted in the bankruptcy that Theresa's payment had increased.  In the SAC Theresa must
12  therefore more clearly explain the basis for her breach of contract claim.

   Second, the Court dismisses the third cause of action because Plaintiffs err in bringing an alleged violation of a Federal Rule of Bankruptcy Proceeding as a separate cause of action.  *See* Fed. R. Bankr. Proc. 3002.1(i).  This cause of action is dismissed without leave to amend. Lastly, the Court dismisses the fourth cause of action for failure to allege sufficient monetary or property loss.  *See Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 321 (2011) (quoting Cal. Bus. & Prof. Code § 17204).  Payment of attorney's fees is not sufficient.  *See Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011) (declining to recognize attorney fees as monetary damages for purposes of a California UCL claim).

   The Court grants Plaintiffs leave to file an amended complaint consistent with this Order on or before July 13, 2015.  The Court will set a date for an initial case management conference after the pleadings are settled.

   This Order disposes of Docket No. 16.

   **IT IS SO ORDERED.**

   Dated: June 23, 2015

```
                                    _____
                                    JACQUELINE SCOTT CORLEY
                                    United States Magistrate Judge
```