UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BERKLEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK,<br><br>　　　　　Defendant. | Case No. 15-cv-00749-JSC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

　　　　Plaintiff Theresa Berkley brings this action challenging the activities of Defendant Wells Fargo ("Defendant") in relation to a residential mortgage loan.  The Court previously dismissed Plaintiff's first amended complaint ("FAC"), concluding that Plaintiffs failed to state a claim upon which relief could be granted.  (Dkt. No. 32.)  Now pending before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), which brings three causes of action: (1) breach of the covenant of good faith and fair dealing; (2) breach of contract; and (3) violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200.  (Dkt. No. 33.)  The Court heard oral argument on the motion on September 3, 2015.

　　　　The claims arise out of Plaintiff's default on her monthly mortgage loan payments, her subsequent petition for bankruptcy, and the events that followed.  The first two causes of action—breach of the covenant of good faith and fair dealing and breach of contract—both require that Plaintiff plead her own performance under the contract.  *See Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992, at *6 (N.D. Cal. Jan. 18, 2007) (citation omitted) (breach of implied covenant requires pleading plaintiff's performance); *Enuke v. Am.'s Wholesale Lender*, No. CV-11-6661 PA (SPx), 2011 WL 11651341, at *9 (C.D. Cal. Dec. 18, 2011) ("[T]o state a claim for breach of the implied covenant, a plaintiff must allege performance or excuse for nonperformance

under the contract."); *Labra v. Cal-W. Reconveyance Corp.*, no. C 09-2537-PJH, 2010 WL 8899537, at *9 (N.D. Cal. Mar. 11, 2010) (a plaintiff must allege performance under the contract to state a claim for breach of contract). The Court dismissed these claims from the FAC precisely because Plaintiff had failed to plausibly allege that Theresa was not in breach herself. Specifically, the Court held that nothing in the FAC explained why, in light of Plaintiff's counsel's admission in the course of the bankruptcy proceedings that Plaintiff was in post-petition arrears by at least $100,000, Plaintiff was not in breach herself, which would be fatal to both of these claims alleging that Defendant was in breach. (Dkt. No. 32 at 2.) The Court ordered Plaintiff to explain in any amended complaint why she was not in breach of the contract given this acknowledgement of significant post-petition arrears. (*Id.*)

In the SAC, Plaintiff now alleges that, pursuant to the parties' May 2013 stipulation, Defendant withdrew the Proof of Claim contending that Plaintiff was $100,000 in post-petition arrears and instead agreed to provide an accounting of the total amount of post-petition arrears. (Dkt. No. 33 ¶¶ 14-15.) Because Defendant never provided such an accounting, and never again asserted in the bankruptcy proceeding that Plaintiff was in default on post-petition obligations, Plaintiff believed that she did not have any post-petition arrears when her debt was discharged. (*Id.* ¶ 15.) As Plaintiff puts it, given Defendant's silence after it withdrew its proof of claim and agreed to provide a further accounting, this "tends to show that, after further review of the loan, post-petition arrears did not exist, otherwise, Defendant likely would have brought such default to the Court's attention." (Dkt. No. 36 at 10.) Plaintiff appears to acknowledge that it is *possible* that she did not sufficiently perform inasmuch as she still owed post-petition arrears, but insists that given Defendant's silence following the stipulation, she has sufficiently alleged that there were no post-petition arrears and, therefore, she substantially performed. (*Id.*) But Plaintiff cites no authority to support the proposition that a plaintiff substantially performs under the contract whenever she has a subjective belief that her performance is sufficient.

Plaintiff also urged that she substantially performed because any post-petition arrears that did accrue were forgiven as a matter of law by the September 2013 bankruptcy discharge. She did not cite any authority for this proposition, either. Defendant, for its part, argued that the

2

Bankruptcy Code compels the opposite conclusion. Specifically, Defendant contended that 11 U.S.C. §§ 1322(b)(5) and 1328(a)(1) indicate that a debt whose last payment is due beyond the end of a bankruptcy plan does not fall within the scope of the discharge. Although central to resolution of the pending motion, and with potential to significantly alter the scope of Plaintiff's breach of contract claim, the parties have not briefed the question of the scope and effect of the bankruptcy discharge on Plaintiff's post-petition arrears.

Accordingly, the Court hereby ORDERS the parties to submit supplemental briefing addressing (1) whether a plaintiff substantially performs her contractual obligations when she has a subjective belief that her performance is sufficient; and (2) the scope and effect of the bankruptcy discharge of Plaintiff's post-petition arrears. Plaintiff must file her submission, not to exceed 10 pages, on or before September 15, 2015. Defendant must file its response on or before September 22, 2015. The Court will deem the motion under submission at that time.

**IT IS SO ORDERED.**

Dated: September 8, 2015

/s/ Jacqueline Scott Corley
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3